### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RAYMOND WASHINGTON**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-6820**

**GREAT WEST CASUALTY COMPANY, et al.**             **SECTION: "G"(5)**

### ORDER AND REASONS

Before the Court is Defendants Clark Transfer, Inc. and Great West Casualty Company's (collectively "Moving Defendants") Motion to Dismiss for Failure to State a Claim.[1] Moving Defendants move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Moving Defendants argue that, while Plaintiff's original petition was timely filed against John Doe I, II, and III, Plaintiff failed to name or serve any defendants, and therefore failed to interrupt prescription.[3] In opposition, Plaintiff Raymond Washington ("Plaintiff") argues that the amended petition relates back to the date of filing of the original petition, and thus, Plaintiff's claims are not prescribed.[4] Considering the motion, the opposition, the record, and the applicable law, the Court grants Moving Defendants' motion.

### I. Background

On or around June 19, 2022, Plaintiff alleges that he suffered serious bodily injury while attempting to unload stage equipment from Defendant Clark Transfer Inc.'s truck.[5] It is alleged

---

[1] Rec. Doc. 10.

[2] *Id.*

[3] *Id.* at 1.

[4] Rec. Doc. 13.

[5] Rec. Doc. 7-1 at 4.

that the driver of the Clark Transfer, Inc. vehicle, which housed the equipment, illegally parked the truck against traffic.[6] Plaintiff contends that while attempting to unload the equipment, the unstable load dislodged and fell onto Plaintiff, causing injuries.[7]

On June 18, 2023, Plaintiff, acting *pro se*, filed a petition in the Civil District Court for the Parish of Orleans naming John Doe I, II, and III as defendants.[8] On September 18, 2023, Plaintiff's attorneys filed an amended petition naming Clark Transfer, Inc., Great West Casualty Company, and ABC Company as defendants.[9] The amended petition was served upon Defendant Great West Casualty Company through the Secretary of State on October 23, 2023.[10] On November 15, 2023, Moving Defendants removed the matter to this Court.[11] On January 31, 2024, Plaintiff filed a Second Amended and Supplemental Complaint adding Saenger Theatre Partnership, LTD, The Ambassador Theatre Group US Holdings, Inc., and United State Fire Insurance as defendants.[12]

On November 21, 2023, Moving Defendants filed the instant Motion to Dismiss.[13] On December 5, 2023, Plaintiff filed an opposition to the motion.[14]

## II. Parties' Arguments

### A.    *Moving Defendants' Arguments in Support of Motion*

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 8.

[9] *Id.* at 3.

[10] *Id.* at 1.

[11] Rec. Doc. 7.

[12] Rec. Doc. 22.

[13] Rec. Doc. 10.

[14] Rec. Doc. 13.

Moving Defendants contend that since the alleged injury occurred on or about June 19, 2022, Plaintiff had until June 19, 2023, to file suit against Moving Defendants.[15] Moving Defendants argue that Plaintiff's claims have prescribed because Plaintiff failed to interrupt prescription when he filed his original petition fictitiously naming John Doe I, II, and III as defendants.[16]

Moving Defendants argue that Plaintiff's amended petition in which Plaintiff named Clark Transfer, Inc. and Great West Casualty Company as defendants does not relate back to Plaintiff's original petition for damages.[17] Moving Defendants contend that an amended petition correcting a fictitious name does not relate back to the filing of the original petition.[18] Thus, Moving Defendants aver that because Plaintiff's amended petition was not filed until September 18, 2023, nearly three months after the one-year prescriptive period for delictual actions had elapsed, Plaintiff's claims have prescribed.[19]

**B.      *Plaintiff's Arguments in Opposition to the Motion***

In opposition, Plaintiff argues that the amended petition does relate back to the timely filed original petition.[20] Relying on Louisiana Code of Civil Procedure article 1153 and *Ray v. Alexandria Mall,*[21] Plaintiff contends that: (1) the amended claim arose out of the same occurrence set forth in the original petition; (2) Moving Defendants are not prejudiced by the later amendment

---

[15] Rec. Doc. 10-2 at 2–3.

[16] *Id.* at 2.

[17] *Id.* at 3.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 13 at 2.

[21] 424 So. 2d 1083, 1087 (La. 1983).

3

as Moving Defendants knew or should have received notice of injury to Plaintiff and subsequent investigation into the workers compensation claim; (3) but for *pro se* Plaintiff's lack of knowledge, the action would have been brought against Moving Defendants; and (4) regarding whether Moving Defendants are wholly new or unrelated defendants, Plaintiff contends that he, acting *pro se*, described with as much detail as possible the persons who were responsible.[22] As such, Plaintiff argues that the motion to dismiss should be denied.[23]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[24] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[25] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] "Factual allegations must be enough to raise a right to relief above the speculative level."[27] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant,

---

[22] Rec. Doc. 13 at 5–6.

[23] *Id.* at 6.

[24] Fed. R. Civ. P. 12(b)(6).

[25] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Twombly*, 550 U.S. at 555.

[28] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

4

and all facts pleaded are taken as true.[29] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[30] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[31] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[32] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[33] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[34] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[35] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[36]

## IV. Analysis

Moving Defendants argue that Plaintiff's claims are prescribed because the amended petition does not relate back to the filing of the original petition. Plaintiff argues that the amended

---

[29] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[30] *Iqbal*, 556 U.S. at 678–79.

[31] *Id.* at 679.

[32] *Id.* at 678.

[33] *Id.*

[34] *Id.*

[35] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[36] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

petition does relate back to the filing of the original petition, and thus, Plaintiff's claim is not prescribed. Plaintiff, acting *pro se,* filed the original petition on June 18, 2023, one day before his action would have prescribed.[37]  The original petition named John Doe I, II, and II as defendants.[38] Plaintiff's attorneys filed an amended petition on September 18, 2023, naming Clark Transfer, Inc., Great West Casualty Company, and ABC Company as defendants.[39] Defendant Great West Casualty Company was served through the Louisiana Secretary of State on October 23, 2023.[40]

Pursuant to *Erie,*[41] when federal courts are confronted with the issue of whether to apply federal or state law in a lawsuit, when the legal question is based on a procedural issue, the federal courts should apply federal law. The legal question presented here involves whether an amended complaint (or petition) "relates back" to the filing of the original complaint, which is a procedural issue. As such, it appears proper to apply federal law. Nevertheless, the outcome would be the same under either federal or state law. Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)(1)(C) applies.[42] Also, under Louisiana law the addition of a new defendant does not relate

---

[37] Louisiana Civil Code article 3492 provides that, "[d]elictual actions are subject to a liberative prescription of one year. The prescription commences to run from the day injury or damage is sustained."

[38] Rec. Doc. 7-1 at 8.

[39] Rec. Doc. 7-1 at 3.

[40] *Id.* at 1.

[41] *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938).

[42] *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006) (internal citations omitted) (referring to old Rule 15(c)(3), which was renumbered in 2007 without substantive change "as part of the general restyling of the Civil Rules," at which time it received its current placement in Rule 15(c)(1)(C). Advisory Committee's 2007 Notes to Fed. R. Civ. P. 15).

back to the original complaint unless a misnomer situation as described in Rule 15(c)(1)(C) applies.[43]

Pursuant to Louisiana Civil Code article 3492, tort claims are subject to a one-year prescriptive period. This period "commences to run from the day injury or damage is sustained."[44] The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[45] Pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[46]

An amended complaint may "relate back" to an original complaint for statute of limitations (or prescription) purposes. Whether an amended complaint relates back to an original complaint is governed by Federal Rule of Civil Procedure 15(c), which states in relevant part:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> …
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[47]

---

[43] *Id.* at 806–07 (citing *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1087 (La. 1983)).

[44] La. Civ. Code art. 3492.

[45] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[46] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[47] Fed. R. Civ. P. 15(c)(1).

Thus, for Plaintiff to establish that the amended petition relates back to the original petition, he must demonstrate that the amended petition satisfies Rule 15(c)(1)(B)–(C).

First, the amended petition does "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[48] The amended petition and original petition both reference the June 19, 2022 incident whereby Plaintiff was allegedly injured while unloading equipment.[49] The parties do not dispute whether the amended petition arises out of the same occurrence set forth in the original petition. As such, the requirements of Rule 15(c)(1)(B) are satisfied.

Next, Rule 15(c)(1)(C) provides that within the period prescribed for serving a summons and complaint, the party to be brought in by amendment "(i) has received such notice of the action that it will not be prejudiced in defending on the merits, and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." If the statute of limitations has expired and the plaintiff is unable to show that the defendant received notice within the Rule 4 service period, the proposed amendment will not be allowed to relate back.[50]

### A.    *Whether Moving Defendants Received Notice of the Action Such that They will not be Prejudiced in Defending on the Merits*

As set forth in Rule 15(c)(1)(C)(i), the party to be brought in by amendment must receive such notice of the action that it will not be prejudiced in defending on the merits. Plaintiff filed the

---

[48] Fed. R. Civ. P. 15(c)(1)(B).

[49] *See* Rec. Doc. 7-1.

[50] Wright & Miller, *Federal Practice and Procedure* § 1498.1 Relation Back of Amendments Changing Parties—The Notice Requirement (3d edition, 2023).

original petition on June 18, 2023.[51] The record indicates that Defendant Great West Casualty Company was served through the Louisiana Secretary of State on October 23, 2023,[52] 127 days after the original petition was filed. Thus, Moving Defendants did not receive formal notice within the 90-day period for service provided by Rule 4(m). Plaintiff argues that Moving Defendants "should have received notice of the injury to the plaintiff and subsequent investigation into the workers compensation claim…"[53]

### 1. Whether Moving Defendants Received Informal Notice

The Advisory Committee's Notes to the 1966 amendment of Rule 15(c) indicate that the required notice of the action may be formal or informal.[54] The Fifth Circuit has found that "notice is sufficient if the newly named party was made aware of the issues in the complaint."[55] Some courts have found that knowledge of the possible pendency of an action or constructive notice may suffice.[56] It is not necessary that the party to be added was aware or formally notified that an action was instituted.[57] Knowledge of the incidents that may give rise to suit may be sufficient if the Court determines that the party should have known or realized that it would be a proper defendant.[58]

---

[51] Rec. Doc. 7-1.

[52] *Id.* at 1.

[53] Rec. Doc. 13 at 5.

[54] *See also* Wright & Miller, *Federal Practice and Procedure* § 1498.1 Relation Back of Amendments Changing Parties—The Notice Requirement (3d edition, 2023).

[55] *Sanders-Burns v. City of Plano,* 594 F.3d 366, 378 (5th Cir. 2010) (citing 3 EDWARD SHERMAN & MARY P. SQUIERS, MOORE'S FEDERAL PRACTICE—CIVIL 15.19 (2009) § 15.19[3][c]).

[56] Wright & Miller, *Federal Practice and Procedure* § 1498.1 Relation Back of Amendments Changing Parties—The Notice Requirement (3d edition, 2023).

[57] *Id.*

[58] *Id.*

Plaintiff asserts that Moving Defendants had constructive notice of the action because they were aware of a related workers compensation claim. Based on the record, the Court is unable to determine if Moving Defendants "were made aware of the issues in the complaint," and thus received informal notice of the action. Nevertheless, the Court will address the remaining elements of Rule 15(c).

### 2. Whether Moving Defendants Will Face Prejudice

Next, the Court must determine whether Moving Defendants would be prejudiced by allowing relation back under the circumstances.[59] Moving Defendants do not allege that they are prejudiced in defending against Plaintiff's claims. Plaintiff argues that Moving Defendants will not face prejudice because there was information and evidence gathered by Plaintiff's employer as part of the workers' compensation claim, which made Moving Defendants aware of Plaintiff's injuries and the alleged negligent actions of Moving Defendants' agents.[60] Even assuming that Moving Defendants did not have constructive notice of the action, they have not shown that they will face prejudice in defending against Plaintiff's claims.

### B.   *Whether Moving Defendants Knew or Should have Known the Action Would be Brought Against Them, but for a Mistake Concerning the Proper Party's Identity*

Having determined that Moving Defendants will not face prejudice in defending on the merits, the Court turns to whether Moving Defendants knew, or should have known, that Plaintiff would have brought the action against them but for a "mistake" concerning the proper party's

---

[59] Wright & Miller, *Federal Practice and Procedure* § 1498.1 Relation Back of Amendments Changing Parties—The Notice Requirement (3d edition, 2023) ("A finding that notice, although informal, is sufficient thus frequently is dependent upon determining whether the party to be added would be prejudiced by allowing relation back under the circumstances of the particular case.").

[60] Rec. Doc. 13 at 5.

identity. In considering this question, the Fifth Circuit has noted that Rule 15(c)(1)(C) permits an amended complaint to relate back to the original complaint because:

> a legitimate legal claim should not be squelched by a party mistakenly identifying the party to be sued.... The classic example of mistake is misnomer; that is, when a plaintiff misnames or misidentifies a party in its pleadings but correctly serves that party. In these cases, relation back is appropriate because the defendant is already before the court.... In some cases, a legal mistake can lead to misnomer, as when a plaintiff names an institutional defendant because of confusion as to whether an individual or an institutional defendant is the proper party, but the individual is properly served and, therefore, has notice of the mistake. In contrast, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back.[61]

One of the areas in which the courts have struggled in determining whether this last requirement has been met involves complaints, similar to Plaintiff's original petition, that include "John Doe" defendants when the plaintiff later seeks to substitute the name of a real party for the fictional defendant listed in the complaint. The Fifth Circuit has held that in these circumstances it is clear that the plaintiff's failure to name the correct defendant at the outset was not due to a mistake but resulted from a lack of knowledge, and thus, did not fall within the language of the rule.[62] In his opposition, Plaintiff admits that the identities of Moving Defendants were unknown at the time of filing Plaintiff's original petition.[63] As such, under binding Fifth Circuit precedent,

---

[61] *Sanders-Burns,* 594 F.3d at 379.

[62] *See Balle v. Nueces County, Texas,* 952 F.3d 552, 558 (5th Cir. 2017) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998)) ("However, when a plaintiff names a John Doe defendant, there is no mistake in identifying the correct defendant; rather, the problem is not being able to identify that defendant.") (cleaned up); *see also Miller v. Mancuso,* 388 F. App'x 389 (5th Cir. 2010) (finding that a plaintiff who knew of defendants' identities but named them as "two unknown deputies" in original complaint did not constitute a mistake, and thus, amended complaint did not relate back).

[63] Rec. Doc. 13 at 1.

Plaintiff's naming of John Doe defendants does not constitute a "mistake" as to Moving Defendants' identities under Rule 15(c)(1)(C).[64]

### V. Conclusion

For the reasons stated above, the Court finds as a matter of law that Plaintiff's naming of John Doe defendants does not constitute a "mistake" as to Moving Defendants' identities, and thus, Plaintiff's amended petition does not relate back to the filing of the original petition. As such, Plaintiff's claims against Defendants Clark Transfer, Inc. and Great West Casualty Company must be dismissed as they are prescribed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Clark Transfer, Inc. and Great West Casualty Company are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this ___22nd___ day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[64] *Balle,* 952 F.3d at 557.