UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6820** |
| **GREAT WEST CASUALTY COMPANY, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendants Crum & Foster Insurance Company and United States Fire Insurance Company's (collectively "Moving Defendants") Motion to Dismiss for Failure to State a Claim.[1] Moving Defendants move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Moving Defendants argue that, while Plaintiff's original petition was timely filed against John Doe I, II, and III, Plaintiff failed to name or serve any defendants, and therefore failed to interrupt prescription.[3] Moving Defendants also argue that the law of the case doctrine applies, and this Court's prior decision to dismiss other defendants under the same circumstances should govern this matter.[4]

The motion was set for submission on September 4, 2024. Pursuant to Local Rule 7.5, an opposition to the motion was to be filed on or before August 27, 2024. To date, Plaintiff has not filed a response to the instant motion. As such, the motion shall be deemed unopposed. This Court

---

[1] Rec. Doc. 41.

[2] *Id.*

[3] *Id.* at 1–2.

[4] *Id.* at 2.

has authority to grant a motion as unopposed, although it not required to do so.[5] Considering the motion, the opposition, the record, and the applicable law, the Court grants Moving Defendants' motion.

## I. Background

On or around June 19, 2022, Plaintiff alleges that he suffered serious bodily injury while attempting to unload stage equipment from Defendant Clark Transfer Inc.'s truck.[6] It is alleged that the driver of the Clark Transfer, Inc. vehicle, which housed the equipment, illegally parked the truck against traffic.[7] Plaintiff contends that while attempting to unload the equipment, the unstable load dislodged and fell onto Plaintiff, causing injuries.[8]

On June 18, 2023, Plaintiff, acting *pro se*, filed a petition in the Civil District Court for the Parish of Orleans naming John Doe I, II, and III as defendants.[9] On September 18, 2023, Plaintiff's attorneys filed an amended petition naming Clark Transfer, Inc., Great West Casualty Company, and ABC Company as defendants.[10] The amended petition was served upon Defendant Great West Casualty Company through the Secretary of State on October 23, 2023.[11] On November 15, 2023, Defendants Clark Transfer, Inc. and Great West Casualty Company removed the matter to this Court.[12] On November 21, 2023, Defendants Clark Transfer, Inc. and Great West Casualty

---

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] Rec. Doc. 7-1 at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 8.

[10] *Id.* at 3.

[11] *Id.* at 1.

[12] Rec. Doc. 7.

Company filed a Motion to Dismiss.[13] On January 31, 2024, Plaintiff filed a Second Amended and Supplemental Complaint adding Saenger Theatre Partnership, LTD, The Ambassador Theatre Group US Holdings, Inc., and United State Fire Insurance as defendants.[14] On May 22, 2024, the Court granted the motion dismissing Defendants Clark Transfer, Inc. and Great West Casualty Company, finding that Plaintiff's clams were prescribed.[15]

On June 18, 2024, Plaintiff filed a Third Amended Complaint against named Defendants Saenger Theatre Master Tenant, LLC, The Ambassador Theatre Group North, Inc., and Crum & Foster Specialty Insurance Company.[16] On August 9, 2024, Moving Defendants filed the instant Motion to Dismiss.[17] To date, Plaintiff has not filed a response to the instant motion. As such, the motion shall be deemed unopposed.

## II. Moving Defendants' Arguments in Support of Motion

First, Moving Defendants argue that Plaintiff's claims are prescribed under Louisiana Civil Code articles 3492 and 3462 because Plaintiff failed to bring an action against Moving Defendants within the one-year prescriptive period.[18] Moving Defendants argue that the injury-producing event allegedly occurred on June 19, 2022, and thus, Plaintiff had until June 19, 2023, to file suit against any joint tortfeasor.[19] Moving Defendants contend that because no action was filed against

---

[13] Rec. Doc. 10.

[14] Rec. Doc. 22.

[15] Rec. Doc. 26.

[16] Rec. Doc. 38.

[17] Rec. Doc. 41.

[18] Rec. Doc. 41-1 at 3–4.

[19] *Id.* at 4.

3

any named joint tortfeasor by June 19, 2023, Plaintiff failed to interrupt prescription, and the one-year prescriptive period for delictual actions has prescribed.[20]

Next, Moving Defendants assert that the amended complaints do not relate back to the original petition because Plaintiff initially named only fictitious parties as defendants.[21] Moving Defendants assert that Plaintiff's claims fail to interrupt prescription because there were no real parties served within the prescriptive period, or within one year of the alleged injury.[22]

Finally, Moving Defendants argue that the doctrine of law of the case applies to the instant motion.[23] Moving Defendants contend that other defendants in this matter filed a motion to dismiss on the same basis argued in the instant motion.[24] As such, Moving Defendants assert that because this Court has already ruled that Plaintiff's claims have prescribed as to previous co-defendants, the same ruling should govern its determination in the instant motion.[25]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[26] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[27] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 5.

[24] *Id.*

[25] *Id.* at 6.

[26] Fed. R. Civ. P. 12(b)(6).

[27] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

4

plausible on its face.'"[28] "Factual allegations must be enough to raise a right to relief above the speculative level."[29] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[31] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[32] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[33] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[34] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[35] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[36] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[29] *Twombly*, 550 U.S. at 555.

[30] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[31] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[32] *Iqbal*, 556 U.S. at 678–79.

[33] *Id.* at 679.

[34] *Id.* at 678.

[35] *Id.*

[36] *Id.*

element of the asserted claims.[37] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[38]

## IV. Analysis

### A.    *Law-of-the-Case Doctrine*

Moving Defendants argue that the law-of-the-case doctrine is applicable and supports dismissal. According to the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'"[39] "The doctrine is 'based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.'"[40] "[H]owever, this doctrine is not mandatory," because this doctrine "is a matter of judicial discretion rather than judicial power when a court is reviewing its own prior decision."[41]

Moreover, the Fifth Circuit determined that "'a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions.'"[42] "[U]nder Rule 54(b), the district court 'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

---

[37] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[38] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[39] *Lindquist v. City of Pasadena*, 669 F.3d 225, 238 (5th Cir. 2012) (citing *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999)).

[40] *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978) (citing *United States v. U.S. Smelting Refin. & Mining Co.*, 339 U.S. 186, 198 (1950)).

[41] *Perillo v. Johnson*, 205 F.3d 775, 780-81 (5th Cir. 2000) (citing *United States v. O'Keefe*, 169 F.3d 281, 283 (5th Cir. 1999)).

[42] *Lonatro v. Levee*, 809 F. Supp. 2d 512, 518 (E.D. La. 2011) (citing *Louisiana v. Guidry*, 489 F.3d 692, 698 (5th Cir. 2007)).

sufficient.'"[43] A court may revise an interlocutory order "'at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'"[44] Ultimately, the law of the case doctrine aims to ensure consistency and prevent unnecessary reexamination of issues already decided within the same lawsuit.[45]

On May 22, 2024, this Court granted a motion to dismiss for failure to state a claim against defendants, Great West Casualty Company and Clark Transfer, Inc., because Plaintiff's claims against these defendants were prescribed and did not relate back in accordance with Rule 15(c)(1)(C).[46] Because this motion to dismiss does not concern the same defendants and the previous motion to dismiss did not adjudicate all of Plaintiff's claims, it was an interlocutory order,[47] and this Count is not bound to apply its previous interlocutory order. The doctrine of law of the case provides that once a district court makes a *noninterlocutory* ruling on a legal issue, that ruling binds that parties during the remainder of the case until the court modifies it based on a proper request for reconsideration, or an appellate court reverses or modifies the ruling.[48] Because this Court's prior ruling was interlocutory, the law-of-the-case doctrine is inapplicable.

---

[43] *Gulf Fleet Tiger Acquasition, L.L.C. v. Thomas-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 151 (E.D. La. 2012) (citing *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1991)).

[44] *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, No. 10-4151, 2013 U.S. Dist. LEXIS 53534, at *9-10 (E.D. La. Apr. 15, 2013) (citing *Gulf S. Mach., Inc. v. American Standard, Inc.*, No. 97-0065, 1999 U.S. Dist. LEXIS 2078, at *4 (E.D. La. Feb. 22, 1999)).

[45] *Id.* at *9.

[46] Rec. Doc. 26 at 12; *Great W. Cas. Co.*, 2024 U.S. Dist. LEXIS 91544, at *14.

[47] *Ctr. for Restorative Breast Surgery, L.L.C., v. Blue Cross Blue Shield of La.*, No. 11-806, 2016 U.S. Dist. LEXIS 48367, at *8 (E.D. La. Apr. 16, 2016).

[48] Robert A. Matthews, Jr., § 38:105. Law-of-the-case doctrine, 6 Annotated Patent Digest § 38:105.

## B.   *Prescription*

Moving Defendants argue that Plaintiff's claims are prescribed because the Amended Complaint does not relate back to the filing of the original petition. The underlying incident which allegedly caused Plaintiff's injuries occurred on June 19, 2022.[49] Plaintiff filed the original petition on June 18, 2023, naming John Doe I, II, and III as defendants.[50] On June 18, 2024, Plaintiff filed a Third Amended Complaint naming Moving Defendants Crum & Foster Specialty Insurance Company and United States Fire Insurance Company.[51]

Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)(1)(C) applies.[52] Also, under Louisiana law the addition of a new defendant does not relate back to the original complaint unless a misnomer situation as described in Rule 15(c)(1)(C) applies.[53]

Pursuant to Louisiana Civil Code article 3492, tort claims are subject to a one-year prescriptive period. This period "commences to run from the day injury or damage is sustained."[54] The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts

---

[49] Rec. Doc. 7-1.

[50] *Id.*

[51] Rec. Doc. 38.

[52] *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006) (internal citations omitted) (referring to old Rule 15(c)(3), which was renumbered in 2007 without substantive change "as part of the general restyling of the Civil Rules," at which time it received its current placement in Rule 15(c)(1)(C). Advisory Committee's 2007 Notes to Fed. R. Civ. P. 15).

[53] *Id.* at 806–07 (citing *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1087 (La. 1983)).

[54] La. Civ. Code art. 3492.

8

in support of his claim which would entitle him to relief."[55] Pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[56]

An amended complaint may "relate back" to an original complaint for statute of limitations (or prescription) purposes. Whether an amended complaint relates back to an original complaint is governed by Federal Rule of Civil Procedure 15(c), which states in relevant part:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> …
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[57]

Thus, for Plaintiff to establish that the amended complaint relates back to the original petition, he must demonstrate that the amended complaint satisfies Rule 15(c)(1)(B)–(C).

First, the amended complaint does "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[58] The amended petition and original petition both reference the June 19, 2022 incident whereby Plaintiff was allegedly injured while unloading equipment.[59] The parties do not dispute whether the

---

[55] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[56] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[57] Fed. R. Civ. P. 15(c)(1).

[58] Fed. R. Civ. P. 15(c)(1)(B).

[59] *See* Rec. Doc. 7-1.

amended complaint arises out of the same occurrence set forth in the original petition. As such, the requirements of Rule 15(c)(1)(B) are satisfied.

Next, Rule 15(c)(1)(C) provides that within the period prescribed for serving a summons and complaint, the party to be brought in by amendment "(i) has received such notice of the action that it will not be prejudiced in defending on the merits, and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." If the statute of limitations has expired and the plaintiff is unable to show that the defendant received notice within the Rule 4 service period, the proposed amendment will not be allowed to relate back.[60]

> As set forth in Rule 15(c)(1)(C)(i), the party to be brought in by amendment must receive such notice of the action that it will not be prejudiced in defending on the merits. Plaintiff filed the original petition on June 18, 2023.[61] The record indicates that summons were issued to be served upon Moving Defendants on June 18, 2024,[62] 365 days after the original petition was filed. Thus, Moving Defendants did not receive notice within the 90-day period for service provided by Rule 4(m).

The Court turns to whether Moving Defendants knew, or should have known, that Plaintiff would have brought the action against them but for a "mistake" concerning the proper party's identity. In considering this question, the Fifth Circuit has noted that Rule 15(c)(1)(C) permits an amended complaint to relate back to the original complaint because:

> a legitimate legal claim should not be squelched by a party mistakenly identifying the party to be sued.... The classic example of mistake is misnomer; that is, when a plaintiff misnames or misidentifies a party in its pleadings but correctly serves that party. In these cases, relation back is appropriate because the defendant is already

---

[60] Wright & Miller, *Federal Practice and Procedure* § 1498.1 Relation Back of Amendments Changing Parties—The Notice Requirement (3d edition, 2023).

[61] Rec. Doc. 7-1.

[62] Rec. Doc. 39.

before the court.... In some cases, a legal mistake can lead to misnomer, as when a plaintiff names an institutional defendant because of confusion as to whether an individual or an institutional defendant is the proper party, but the individual is properly served and, therefore, has notice of the mistake. In contrast, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back.[63]

One of the areas in which the courts have struggled in determining whether this last requirement has been met involves complaints, similar to Plaintiff's original petition, that include "John Doe" defendants when the plaintiff later seeks to substitute the name of a real party for the fictional defendant listed in the complaint. The Fifth Circuit has held that in these circumstances it is clear that the plaintiff's failure to name the correct defendant at the outset was not due to a mistake but resulted from a lack of knowledge, and thus, did not fall within the language of the rule.[64] As such, under binding Fifth Circuit precedent, Plaintiff's naming of John Doe defendants does not constitute a "mistake" as to Moving Defendants' identities under Rule 15(c)(1)(C).[65]

## V. Conclusion

For the reasons stated above, the Court finds as a matter of law that Plaintiff's naming of John Doe defendants does not constitute a "mistake" as to Moving Defendants' identities, and thus, Plaintiff's amended complaint does not relate back to the filing of the original petition. As such, Plaintiff's claims against Defendants Crum & Foster Insurance Company and United States Fire Insurance Company must be dismissed as they are prescribed.

---

[63] *Sanders-Burns,* 594 F.3d at 379.

[64] *See Balle v. Nueces County, Texas,* 952 F.3d 552, 558 (5th Cir. 2017) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998)) ("However, when a plaintiff names a John Doe defendant, there is no mistake in identifying the correct defendant; rather, the problem is not being able to identify that defendant.") (cleaned up); *see also Miller v. Mancuso,* 388 F. App'x 389 (5th Cir. 2010) (finding that a plaintiff who knew of defendants' identities but named them as "two unknown deputies" in original complaint did not constitute a mistake, and thus, amended complaint did not relate back).

[65] *Balle,* 952 F.3d at 557.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Crum & Foster Insurance Company and United States Fire Insurance Company are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this  30th  day of December, 2024.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**